Stefan Tyrakowski, Appellant, v. Hans A. Connell, Appellee.

Gen. No. 21,185.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed January 17, 1916.

### Statement of the Case.

Action by Stefan Tyrakowski, plaintiff, against Hans A. Connell, defendant, in the Superior Court of Cook county, to recover for personal injuries sustained as a result of the alleged negligence of defendant in operating his automobile, so that plaintiff was struck by it while crossing a street. From a judgment for defendant, plaintiff appeals.

It appeared that the defendant was driving in the right-hand street car track in Milwaukee avenue. Plaintiff started to cross diagonally between two street intersections. The distance between the right-hand rail of the right-hand track and the curb was ten feet five inches. Plaintiff testified that he looked both ways and did not see the car, or know that one was on the street until struck. Defendant testified that he saw plaintiff when he stepped from the curb; being then fifty feet away and going at the rate of ten miles an hour; that the horn of his car was sounded five or six times, but as plaintiff paid no attention he applied the brakes and locked his rear wheels, but the track was wet and the car slid and struck plaintiff. The action was tried by jury and there was a verdict of not guilty.

THOMAS E. SWANSON and ELWYN E. LONG, for appellant.

No appearance for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

## Abstract of the Decision.

1. WITNESSES, § 279*—*when paper signed by party not admissible for purpose of impeachment of witness.* In an action to recover for personal injuries sustained by being struck by defendant's automobile, alleged to have been negligently operated, it is not error to exclude a paper written in court by defendant at plaintiff's request as evidence tending to impeach defendant's testimony that he did not write a certain other paper in evidence.

2. EVIDENCE, § 450*—*when genuineness of handwriting may not be determined by comparison with other writing.* The genuineness of handwriting cannot be proved or disputed by comparison with other writing proved or admitted to be genuine unless the writing with which it is sought to be compared is properly in evidence and pertinent to the case.

3. INSTRUCTIONS, § 151*—*when requested instruction properly refused.* A requested instruction is properly refused where the jury are fully instructed as to the law of the case.

---

## Robert A. Schoenfeld, Defendant in Error, v. M. Kulwinsky, Plaintiff in Error.

### Gen. No. 21,494.

1. LANDLORD AND TENANT, § 364*—*how word "immediately" in Landlord and Tenant Act construed.* The word "immediately" as used in section 17 of the Landlord and Tenant Act (J. & A. ¶ 7055), requiring one levying a distress warrant to immediately file with the clerk of a court of record of competent jurisdiction a copy of the warrant together with an inventory of the property levied upon, does not require him to file them immediately, but only requires him to act promptly and to file them in such convenient time as is reasonably requisite for doing so.

2. LANDLORD AND TENANT, § 398*—*when evidence sufficient to establish an immediate filing of copy of distress warrant and inven-*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.